# SUPREME COURT.

## ATWILL agt. LE ROY and others.

Where the complaint counted upon the cause of action as upon *contract*, (the summons being issued in that form,) but stated *false representations* to anticipate the defendants' answer that they had fulfilled their contract with the plaintiff, by delivering him the stock which he was to receive under his contract (for work done.)

*Held*, that the plaintiff had thereby admitted that the contract had been strictly complied with by the defendants, but that the mode of payment did not bind the plaintiff on account of the alleged fraud. The action was, therefore, for the *fraud*, and was improperly brought on contract. (*See Doedt, &c.,* agt. *Wiswall, &c., ante, p.* 128.)

*New - York Special Term, March,* 1857.
DEMURRER to complaint.

MITCHELL, Justice. The defendants objecting that there is a misjoinder of causes of action, viz: one in tort and one in contract, the plaintiff answers that the complaint is on contract only, and that the false representations are stated to anticipate the defendants' answer that they had fulfilled their contract, by delivering him the stock which he was to receive under his contract.

This admits that the contract has been strictly complied with, but that the mode of payment does not bind the plaintiff on account of the fraud. The action, therefore, is for the fraud, in representing that the stock was valuable, which was known not to be valuable, and should be for the damages thus sustained. Instead of that, the summons as on a *contract* for the recovery of money only, is for payment of a specific sum, and not "for the relief demanded in the complaint," and the complaint demands the specific sum and not damages. As these defects are not grounds of demurrer, the defendants cannot avail themselves of them in this way.

The defendants object that the representations were made to

the plaintiff and his co-contractor, and that an action for tort can-not be assigned. (*Zabriskie* agt. *Smith*, 3 *Kern*. 322, *by* DENIO, *J.*) But the complaint shows no cause of action for the tort in the co-contractor, as it alleges that *shortly* after the making of the contract, White, the co-contractor, assigned his interest therein to the plaintiff, and that *after* the assignment, the plain-tiff did actually perform the work. If this be so, White suf-fered no loss, as he did no work, and although the false repre-sentation was to the two, the whole injury was to the plaintiff alone, and he alone had a cause of action.

The complaint is not so certain in this respect as it should be, but that is not a cause of demurrer.

The demurrer must be overruled with costs of the argument, with leave to the defendants to answer, and leave to the plain-tiff to amend his summons and complaint, as to the relief sought, and in other particulars, and leave to the defendants to move that plaintiff be required to make his complaint more definite and certain, and to conform his summons and prayer of relief to the facts in his complaint, or the statement in the complaint to the relief sought in the summons.